**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CADILLAC JACK, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:10-CV-03193-RWS |
| : | |
| ECLIPSE GAMING SYSTEMS, : | |
| LLC, JACK SALTIEL AND : | |
| JOHN DOES 1-20, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

This case comes before the Court on Plaintiff's Motion to Dismiss [3] and its Motion for Judgment on the Pleadings [10]. After considering the record, the Court enters the following Order.

## Background

Plaintiff Cadillac Jack, Inc. ("Plaintiff") and Defendant Jack Saltiel ("Defendant Saltiel") entered into an Employment Agreement ("Employment Agreement") on or about October 5, 2004. (Dkt. [12] p. 3). This agreement controlled the terms of Defendant Saltiel's employment and contained several restrictive covenants governing his post-employment behavior, including

covenants not to compete, solicit, recruit, disclose, and retain. (Id.; Dkt. [1-1] Exhibit A). According to the Terms of the Employment Agreement, the provisions of Sections 5.2(b) (payment upon termination), 6 (non-competition and non-solicitation), and 7 (proprietary information and developments) survived the expiration of the agreement which occurred on September 30, 2006. (Dkt. [1-1] Exhibit A at ¶ 5.3). Defendant Saltiel stopped working for Plaintiff on March 12, 2008 and signed a Release and Severance Agreement ("Release") on April 1, 2008. (Dkt. [1-1] Exhibit B). The Release included the following merger clause: "This Agreement contains the entire agreement and understanding concerning the subject matter between the parties.  Each party acknowledges that no one has made any representation whatsoever not contained herein concerning the subject matter hereof, to induce the execution of this Agreement." Id. at 2.  Defendant Saltiel shortly thereafter began working with Defendant Eclipse Gaming Systems, LLC ("Eclipse"). Plaintiff filed its complaint containing twenty-three counts including four counts alleging breach of contract arising from the Employment Agreement, on October 10, 2010. (Dkt. [1-1]).

## Discussion

**I.     Motion to Dismiss [3]**

2

Defendants brought their Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5) claiming a lack of personal jurisdiction due to insufficient process and insufficient service on the part of Plaintiff. This motion is now moot as Plaintiff has corrected its initial process and service errors in a timely manner. (Dkt. [5, 6]). As such, there is personal jurisdiction over Defendants. Therefore, Defendants' Motion to Dismiss [3] is **DENIED**.

## II.    Motion for Judgment on the Pleadings [10]

Defendants brought the Motion for Judgment on the Pleadings [10] with respect to counts I-IV of Plaintiff's complaint. In its complaint, Plaintiff alleges that Defendant Saltiel breached his contract with Plaintiff when he violated the non-competition, non-solicitation, non-recruitment, confidentiality, and failure to return property clauses of the Employment Agreement. Plaintiff also alleges that Defendant Eclipse tortiously interfered with contractual relations. Defendants argue that the Employment Agreement clauses on which Plaintiff bases counts I-IV of its complaint no longer apply because the Release, through the merger rule, supersedes the purportedly applicable provisions of the Employment Agreement, and the Release alone controls Defendants' post-employment obligations.

3

"The rational basis for the merger rule is that where parties enter into a final contract[,] all prior negotiations, understandings, and agreements 'on the same subject matter' are merged into the final contract, and are accordingly extinguished." Health Serv. Ctrs. v. Boddy, 359 S.E.2d 659, 661 (Ga. Ct. App. 1987) (quoting Holmes v. Worthy, 282 S.E.2d 919, 923 (Ga. Ct. App. 1981)). "Under the merger rule, '[a]n existing contract is superseded and discharged whenever the parties subsequently enter upon a valid and inconsistent agreement completely covering the subject-matter embraced by the original contract.' " Atlanta Integrity Mortg. v. Ben Hill United Methodist Church, 650 S.E.2d 359, 362 (Ga. Ct. App. 2007) (quoting Hennessy v. Woodruff, 82 S.E.2d 859, 861 (Ga. 1954) and citing Wallace v. Bock, 620 S.E.2d 820, 822 (Ga. 2005)). Therefore, for the merger rule to apply the parties must have: (1) a subsequent valid and inconsistent agreement; and (2) that agreement must "completely [cover] the subject-matter embraced by the original contract." Id. For the purposes of deciding the present motion, the latter requirement is determinative of whether the Employment Agreement and the Release merged.

The restrictive covenants set forth in paragraphs 6 and 7 of the Employment Agreement governed Saltiel's employment with Plaintiff and limited his behavior following the termination of that employment. The Release

4

and the Employment Agreement have some overlap, as each agreement discusses payments upon termination, retention of property, and non-defamation provisions. (Dkt [1] ¶¶ 2, 5, 13 of Exhibit B; ¶¶ 5.2(b), 6.1(e), 7.1(b) of Exhibit A).  Specifically, paragraphs 2, 5, and 13 of the Release, cover the same subject matter as sections 5.2(b), 6.1(e), and 7.1(b) of the Employment Agreement.  However, the Release makes no specific reference to the material covered in sections 6.1(a-d) or 7.1(a, c, and d) of the Employment Agreement.  Nonetheless, Defendants assert that the Release was intended by the Parties to cover all "post-employment obligations of the Parties related to the employment relationship."  (Dkt. [10] at 3.)

In asserting that the Court should reach the conclusion that the Employment Agreement and Release fully merge, Defendants rely on the holding in Boddy, 359 S.E.2d 659.  In Boddy, the issue was whether a lease with an option to purchase merged into a subsequent lease with a right of first refusal to purchase which also contained a merger clause.  Id. at 661.  To resolve the issue, the Court had to determine "whether the parties intended for the right of first refusal, together with the merger clause of the August 8 Lease Agreement, to supersede the option to purchase contract of July 29."  Id.  The Court held: "Where the terms of a written contract are clear and unambiguous,

5

the court will look to the contract alone to find the intention of the parties." Id. Finding that the August 8 agreement "indicate[d] conclusively that the parties intended this contract to be the final agreement between them, superceding all prior agreements," the Court held that the earlier lease with option to purchase merged into the August 8 agreement. Id. Defendants assert that the Employment Agreement and the Release, with its merger clause, both cover the post-employment obligations of the Parties, and the earlier should therefore merge into the later.

      Plaintiff asserts that the facts of the present case are analogous to those in Attaway v. Republic Servs. of Ga., LLP, 558 S.E.2d 846 (Ga. Ct. App. 2002). In Attaway, Mr. Attaway sold his business to Republic Services of Georgia, LLP ("Republic") pursuant to a sales agreement that included a five-year non-compete covenant. Id. at 847. Attaway was employed by Republic following the sale, and in conjunction with his employment, he signed an agreement containing a separate covenant not to compete tied to his employment termination date. Id. This agreement contained a merger clause. Id. A year later, Attaway, along with other managers at Republic, was required to sign an agreement not to compete for a period of one year after leaving employment. Id. When Attaway left the business, Republic sought to enforce the covenant

6

included in the sales agreement. Id. Attaway contended that the covenant in the sales agreement merged into the subsequent covenants in the employment agreements. Id. at 847-48. The Court found the subject matters of the agreements to be entirely different: a purchase agreement for the sale of a business versus an employment agreement. Id. at 848. Therefore, the Court concluded there was no merger. Id.

Plaintiff also relies on Wallace v. Bock, 620 S.E.2d 820, which concerned an original sales contract between a builder and a home purchaser and the subsequent escrow agreement between those same parties. The original sales contract included an obligation to complete construction and convey title to real property. Id. at 823. The court held that the subsequent escrow agreement did "not cover the entirety of the subject matter addressed in the purchase contract, since it deals only with the construction of the house and not the conveyance of title to the property." Id. The court held that the escrow agreement did not replace the sales agreement, but "was simply a modification of the original contract." Id.

The Court finds that none of these cases is determinative under the facts of the present case. When the Employment Agreement and Release at issue are considered in light of the foregoing authority, the Court finds that the intent of

AO 72A
(Rev.8/82)

the parties in the Release is not clear and unambiguous. Post-employment relations between the Parties are included in the subject matter of both the relevant provisions of the Employment Agreement and the Release. And as noted above, while there is overlap between the two agreements, matters are addressed in the Employment Agreement that are not specifically addressed in the Release. It is not clear whether these matters are omitted in the Release because they were not within the scope of the subject matter of the Release or whether those obligations from the Employment Agreement did not carry forward and therefore, were not mentioned. If the intent of the Parties was that the Release fully address the post-employment relations of the Parties, the merger provision in the Release would preclude Plaintiff from asserting these claims under the Employment Agreement. Due to this ambiguity, the Court is unable to conclude as a matter of law that the Employment Agreement clauses merged into the Release. Therefore, Defendant's motion for judgment on the pleadings is **DENIED**.

## Conclusion

For the aforementioned reasons, Defendants' Motion to Dismiss [3] is **DENIED** and Defendants' Motion for Judgment on the Pleadings [10] is **DENIED.**

AO 72A
(Rev.8/82)

**SO ORDERED**, this   15th   day of July, 2011.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)